IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER CAMBRIDGE,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-0027 |
| v. | : | (Judge Caputo) |
| **Warden HOGSTEN, FCI-Allenwood** | : | |
| Respondent. | : | |

# M E M O R A N D U M

## I.   Introduction.

Petitioner, Dexter Cambridge, an inmate at the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent is Warden Hogsten at FCI-Allenwood. Petitioner claims that he has a projected release date of May 20, 2008, and he has been given a pre-release preparation date for transfer to a community corrections center ("CCC") on November 20, 2007. Petitioner is seeking an earlier transfer to a CCC. For the following reasons the petition will be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions.

## II.   Discussion

### A. Jurisdiction.

Petitioner is seeking a writ of habeas corpus to require Respondent to transfer him to a CCC for the remainder of his prison term. The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241. "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Id*. A habeas petition filed in the district where

the petitioner is confined provides a remedy to challenge the effect of events subsequent to imposition of his sentence, *Gomori v. Arnold*, 533 F.2d 871, 874-75 (3d Cir. 1976), and Petitioner may properly invoke § 2241 in the instant case to challenge his placement.

### B.  Summary Dismissal.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

### C.  Prisoner Placement.

Under the provisions of 18 U.S.C. § 3621(b), the Federal Bureau of Prisons ("BOP") is charged with the responsibility to designate the place of imprisonment of each prisoner committed to its custody, taking into account, *inter alia*, the history and characteristics of the prisoner.  18 U.S.C. § 3621(b).  Pursuant to this authority, the BOP has promulgated Program Statement 5100.07 ("PS 5100.07"), Security Designation and Custody

2

Classification Manual, to establish a manual of policy and instructions for designating and redesignating inmates. The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Similarly, it is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison or facility. *Olim v. Wakinekona*, 461 U.S. 238 (1983). With respect to federal prisoners, the BOP has the power, pursuant to 18 U.S.C. § 3621(b), "to designate the place of confinement for purposes of serving" sentences of imprisonment. *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991). "If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive . . . facility." *Ali v. Gibson*, 631 F.2d 1126, 1135 (3d Cir. 1980). "[T]ransfer to less amenable quarters for nonpunitive reasons [is] 'ordinarily contemplated by a prison sentence.'" *Sandin v. Conner*, 515 U.S. 472, 477 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Moreover, interference in the placement determinations of the BOP would involve the judiciary in "the day-to-day functioning of . . . prisons . . . [and] issues and discretionary decisions that are not the business of federal judges." *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

Notwithstanding his inference to the contrary, Petitioner has no right to CCC placement five years prior to release. While Congress has mandated CCC placement for federal prisoners, consideration of such placement is not required until the last six months of incarceration. The statutory authority for placement of an inmate in pre-release custody near the end of his sentence is 18 U.S.C. § 3624(c), which in pertinent part provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

Under this provision, the BOP has already scheduled Petitioner for the maximum six (6) month stay in a CCC. However, Petitioner is not eligible for a mandatory transfer to a CCC under § 3624(c) until the November 20, 2007 date already established by the BOP. Therefore, since Petitioner is not entitled to placement in any particular facility at this time, his petition for writ of habeas corpus will be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions. An appropriate Order follows.


Dated: February 14, 2006                     /s/ A. Richard Caputo
                                             A. RICHARD CAPUTO
                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEXTER CAMBRIDGE,** : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-06-0027 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **Warden HOGSTEN, FCI-Allenwood** : | |
| : | |
| Respondent. : | |

# O R D E R

**AND NOW, THIS 14th DAY OF FEBRUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

2. The Clerk of Court is directed to close this case.

 /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge